Becker v. State







COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

)
) No. 08-04-00082-CV
)
IN THE MATTER OF:                                       )                              Appeal from
)
R.L., A JUVENILE.                                            )                  65th District Court
)
) of El Paso County, Texas
)
) (TC# 02,01356)

MEMORANDUM OPINION

            Pending before the Court is the State’s motion to dismiss this appeal. The State contends that
Appellant did not file a timely notice of appeal from the disposition order, and therefore, the appeal
should be dismissed for lack of jurisdiction. We grant the State’s motion and dismiss the appeal.
FACTUAL AND PROCEDURAL SUMMARY
            The juvenile court determined that R.L. engaged in delinquent conduct and on April 7, 2003,
placed him on intensive supervised juvenile probation in the Serious Habitual Offenders
Comprehensive Action Program (SHOCAP). Three months later, the State filed a motion to modify
disposition. Following a hearing, the juvenile court found that R.L. had violated the terms and
conditions of his probation. Thus, the court sustained the State’s motion to modify and set a hearing
date for a disposition hearing. On August 1, 2003, the juvenile court entered a disposition order
committing R.L. to the Texas Youth Commission. The disposition order contained the findings
required by Section 54.04 of the Family Code.


 The court, however, suspended imposition of the
TYC commitment and continued R.L. on juvenile probation (SHOCAP) with the warning that a
violation of the court’s order would result in him being sent to TYC. The court also provided R.L.
with a written explanation of his right to appeal the disposition order. R.L. did not, however, file
a notice of appeal.
            On February 17, 2004, the State filed a motion to revoke the order suspending the imposition
of the TYC commitment. Following a hearing, the court found that R.L. had violated the terms and
conditions of juvenile probation and on February 27, 2004 entered an order sustaining the State’s
motion to revoke the prior order suspending imposition of the commitment. On that same date, the
court signed a separate order committing R.L. to TYC. R.L. filed a notice of appeal on March 22,
2004. After R.L. filed his brief, the State filed a motion to dismiss for lack of jurisdiction. R.L. did
not file a response.
JURISDICTION OF THE APPEAL
            On appeal, R.L. does not raise any issues pertaining to the juvenile court’s February 27, 2004
order. Instead, he challenges the legal and factual sufficiency of the evidence to support the trial
court’s findings stated in the August 1, 2003 commitment order. The State argues that this Court
lacks jurisdiction to consider these issues because R.L. did not file a notice of appeal within thirty
days after the juvenile court entered that order.
            In juvenile cases, an appeal may be taken from an adjudication order, disposition order, or
modification order. See Tex.Fam.Code Ann. § 56.01(c)(Vernon 2002).


 An appeal from an order
of a juvenile court is to a court of appeals, and the requirements governing an appeal are as in civil
cases generally. Tex.Fam.Code Ann. § 56.01(a), (b). In civil cases, the notice of appeal must be
filed within thirty days after the judgment is signed unless a party timely files a motion for new trial,
motion to modify the judgment, a motion to reinstate under Rule 165a, or a request for findings of
fact and conclusions of law. Tex.R.App.P. 26.1. The Family Code excepts adjudication orders from
Rule 26.1’s requirement that the notice of appeal be filed within thirty days.
            The Family Code provides for the appeal of a disposition order and does not preclude appeal
simply because the court suspends the order. Further, it does not provide an exception to Rule 26.1’s
requirement that the notice of appeal be filed within thirty days of the date on which the order is
signed. Thus, we conclude that the August 1, 2003 disposition order was appealable at the time it
was entered even though the juvenile court suspended the portion of the order which committed R.L.
to TYC. Therefore, R.L.’s notice of appeal was due to be filed no later than August 31, 2003. 
Because R.L. did not file his notice of appeal until March 22, 2004, we lack jurisdiction of the issues
raised in this appeal. R.L. does not raise any issues pertaining to the modification order entered on
February 27, 2004. Consequently, we grant the State’s motion and dismiss the appeal.

January 13, 2005                                                         
                                                                                    ANN CRAWFORD McCLURE, Justice

Before Panel No. 2
Barajas, C.J., McClure, and Chew, JJ.